**PEASE LAW, APC**
Bryan W. Pease (SBN 239139)
3960 W. Point Loma Blvd., Suite H-2562
San Diego, CA 92110
Ph. (619) 723-0369
Email: bryan@peaselaw.org

**LAW OFFICES OF G. DAVID TENENBAUM**
G. David Tenenbaum (SBN 150629)
269 S. Beverly Drive #1041
Beverly Hills, CA 90212
Ph. (312) 404-7723
Email: g.davidtenenbaum@gmail.com

**LAW OFFICES OF CASEY D. GISH**
Casey D. Gish (SBN 206289)
5940 S. Rainbow Blvd.
Las Vegas, NV 89118
Ph. (702) 583-5883
Email: casey@gishlawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CHRISTINA SATO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, *et al.*, <br><br> Defendants. | Case No. 5:20-cv-01876 <br> Hon. Jesus G. Bernal <br> Mag. Sheri Pym <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE** |
|---|---|

1

REPLY

## I. INTRODUCTION

Defendants have entirely failed to refute the good cause asserted by Plaintiffs for extending the fact discovery cutoff for a limited purpose, which was Defendants' failure to comply with their Rule 26 obligations and refusal to respond in good faith to discovery.

Instead, Defendants falsely characterize meet and confer efforts, and assert that if discovery requests are served too close to the motion cutoff to allow time for a motion to be heard, the other party can simply refuse to respond to the discovery, and nothing can be done about it. Defendants fail to mention that they too served discovery requests just over 30 days before the cutoff, and Plaintiffs responded to that discovery in good faith.

Defendants should not be allowed to avoid responding to certain discovery entirely, without any good faith basis for refusing to do so, simply because the responses were due shortly before the cutoff. Plaintiffs timely propounded their discovery *within* the cutoff, and Defendants made bad faith objections to avoid responding, and refused to provide *any* documents in response to Plaintiffs' Requests for Production (RFP) Set Two. Defendants' gamesmanship is good cause to extend the cutoff for the limited purpose of compelling responses to this crucial discovery.

## II. ARGUMENT

### A. Defendants have refused to produce relevant email communication

Defendants admit the "email produced with the declaration of Plaintiff Chelsea Ward was never produced in discovery." (Dkt. 62, p.3:26-27.) It is highly concerning Defendants refer to this as a "purported" email, when this is an email chain in which Deputy Alexander also responded, and Defendant Grimm then called Ward back on the phone and sought search warrants for the homes of Plaintiffs including Ward based on this communication. Yet, Defendants admit they have failed and refused to produce this email and internal communication regarding it—or any internal communication whatsoever. This alone justifies reopening discovery so Plaintiffs can compel further responses to requests for production.

Defendants are also well aware that the "extensive letter sent by co-counsel Casey Gish to Detective Grimm" is referring to the letter that both sides produced in discovery along with the exhibits it contained. Plaintiffs intended to describe this as the letter sent by Attorney Shana Weir, who worked with Casey Gish on preparing the letter and actually sent the letter. The reason Plaintiffs misspoke in the motion is that in the phone call between Grimm and Gish that Grimm used to seek search warrants, Gish promised to send him this letter, but the letter actually came from Weir and was copied to Gish. Defendant Grimm was copied on the email containing this letter, as Grimm requested in his phone call with Gish. (Dkt. 63-2, p.182; Dkt. 55-3, p.11.)

Both sides have and produced this letter and accompanying exhibits in discovery. Plaintiffs referred to it in their responses as the "letter and accompanying documents sent to San Bernardino Deputy District Attorney Emily Williams by Plaintiffs' counsel." (Dkt. 62-1, p.136:26-28.) Defendants produced the letter and attachments in a folder called "Audio_Photos_Documentation from Grimm." (Dkt. 63-2, p.3:21-22.) Defendants Bates-stamped the letter SBD-001023. (Dkt. 63-2, p.183.)

Defendants failed to produce any internal communication regarding this letter, despite the fact that Grimm directly relied on his communication with Gish, in which Gish promised to send him the letter, in seeking the search warrants at issue in this case. (Dkt. 63-2, p. 183.)

Defendants' boilerplate, inapplicable, bad faith objections to *all* of Plaintiffs' RFP Set Two should not be countenanced by the Court and constitutes good cause to reopen discovery for the limited purpose of compelling responses, particularly given that Defendants also failed to comply with their Rule 26 obligations to identify such communication, including internal communication regarding the emails Plaintiffs know to exist, as well as any other relevant emails Plaintiffs are unaware of.

It is unclear what Defendants mean by stating "Plaintiffs' counsel did not identify any alleged missing emails." (Dkt. 61, p.2:25-26.) Plaintiffs do not know what emails Defendants have other than the email from Ward to Alexander, and it was Defendants'

obligation under Rule 26 to identify relevant emails in the first instance. Plaintiffs did repeatedly bring up the issue of the email communication between Ward and Alexander, and the fact that there must be internal communication regarding this as well as other issues, in counsels' meet and confer phone call. Defense counsel simply insisted it was "too late" to do anything about it, even though Defendants failed to identify such documents in initial disclosures. (Declaration of Attorney Bryan Pease in Support of Plaintiffs' Reply ("Pease Reply Decl."), ¶ 7.)

### B.  Defendants simply refused to respond to certain interrogatories

Defendants give no justification whatsoever for considering Plaintiffs' accidental duplicate interrogatories and Defendants' *identical* responses to count against *themselves* in reaching the 25 interrogatory limit.

Defendants claim Plaintiffs have "created the 'emergency' for which they now seek Court intervention." (Dkt. 61, p.2:10-12.) However, Plaintiffs never stated this was an emergency. Plaintiffs simply seek to reopen fact discovery for the limited purpose of requiring Defendants to provide responses that already should have been provided. This does not require an "emergency." It only requires good cause, which in this case is Defendants' gamesmanship and lack of good faith in responding to discovery, believing they could simply run out the clock and therefore could simply refuse to comply with their discovery obligations.

Defendants repeatedly assert that Plaintiffs never met and conferred about moving to compel Defendants to comply with their Rule 26 obligations. First, this is not true, as Plaintiffs repeatedly brought up in the context of the various discussions of this issue that Defendants should have identified documents and witnesses pursuant to Rule 26 without waiting for discovery requests. It is also irrelevant, as Defendants have an ongoing obligation to comply with Rule 26, regardless of whether fact discovery is reopened or not.

Plaintiffs seek to reopen fact discovery to compel specific responses to discovery as well as production of documents Defendants failed to identify. While Defendants were

obligated to *identify* internal emails and communications pursuant to Rule 26, this would not result in Plaintiffs actually *receiving* the documents. Thus, Plaintiffs seek to reopen fact discovery for this limited purpose.

### C.     Defendants misrepresent discussions between counsel

At no point did Plaintiffs' counsel state he was planning to travel to New York in July. At no point was counsel ever intending to or planning to travel to New York in July. Ms. Prescott's statements to the contrary are simply false. (Pease Reply Decl., ¶ 2.) Although this misrepresentation is not included in Ms. Prescott's declaration signed under penalty of perjury, Ms. Prescott still has a duty to candor to the Court and should not be signing an opposition containing such a misrepresentation, which is also unsupported since it is not included in her declaration. (Dkt. 61, p.6:7-10 ("it appears that representation was untrue. Mr. Pease was apparently not in New York in July."))

As counsel explained to Ms. Prescott, counsel took an unplanned emergency trip to New York on June 22, 2022, after learning that his mother had just been diagnosed with peritoneal cancer and went in for emergency surgery the same day counsel flew out. This unplanned trip, combined with travel delays, caused counsel to fall behind in work obligations. (*Id.*, ¶ 3.)

When counsel spoke about Defendants' planned summary judgment motion, Plaintiffs' counsel told Ms. Prescott that counsel was planning to return to New York in late *August*, and that is still counsel's plan. Plaintiffs' counsel also asked Ms. Prescott if, due to the pressures counsel was facing, as well as this planned travel in August that could interfere with an August hearing date, if she would be willing to stipulate to extend the August 22, 2022 cutoff date for hearing pre-trial motions. (*Id.,* ¶ 4.)

Ms. Prescott told Plaintiffs' counsel that she sympathized with counsel's situation but that her client would not agree to any delays, and that she would be filing the motion as soon as possible and would then only be able to agree to a "very short" extension as a professional courtesy if needed. (*Ibid.*)

When Defendants filed their motion with an August 15, 2022 hearing date,

Plaintiffs' counsel emailed Ms. Prescott asking if she would be willing to stipulate to a one week extension as previously indicated, which would still be within the motion cutoff, and she agreed. (*Id.*, ¶ 5.) At no point did Plaintiffs' counsel ever state to defense counsel that he would be traveling to New York in July, and it is unclear why Ms. Prescott includes this inaccurate and unsupported statement in the opposition that she signed. (*Id.*, ¶ 6.)

  In meet and confer discussions, Plaintiffs' counsel did repeatedly bring up the issue of the email communication between Plaintiff Ward and Deputy Alexander, and the fact that there must be internal communication regarding this as well as other issues. Ms. Prescott simply insisted it was "too late" to do anything about it, even though Defendants failed to identify such documents in initial disclosures, and served objections-only responses to Plaintiff's timely served requests for production of documents. (*Id.*, ¶ 7.)

  Defendants' extensive discussion of the basis for the very short one-week extension to respond to Defendants' summary judgment motion, and referring to Plaintiffs' counsel's mother having cancer as an "alleged family emergency" (Dkt. 61, p.2:14) is as irrelevant as it is inaccurate and mean spirited. The one-week extension to respond to Defendants' summary judgment motion has nothing to do with the present motion and is not a reason for Defendants refusing to respond to basic discovery simply because Defendants believed they could run out the clock and avoid having a motion heard.

**III. CONCLUSION**

  For the foregoing reasons, Plaintiffs' motion to extend the fact discovery cutoff for the limited purpose of allowing Plaintiffs to move to compel further responses to outstanding discovery and to require Defendants to comply with their Rule 26 obligations should be granted.

Dated: August 8, 2022       By: /s/ Bryan W. Pease
                  Bryan W. Pease, Esq.
                  Attorney for Plaintiffs